IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STEVIE DELANE GRIFFIN,**  **PLAINTIFF**
**# 200954451**

**v.**  **CIVIL NO. 1:25cv223-HSO-BWR**

**SHERIFF JOHN LEDBETTER,**
**VITAL CORE MEDICAL, JACKSON**
**COUNTY CIRCUIT COURT, and**
**JACKSON COUNTY, MISSISSIPPI**  **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Pro se Plaintiff Stevie Delane Griffin ("Plaintiff" or "Griffin") filed this lawsuit on July 16, 2025. Compl. [1]. At the time, he was a pretrial detainee at the Jackson County Adult Detention Center in Pascagoula, Mississippi. Compl. Ex. A [1-1] at 1.

On July 24, 2025, the Court sent Griffin notice of the Prison Litigation Reform Act, an Acknowledgment of Receipt and Certification, and a form Notice of Voluntary Dismissal. The Court ordered Griffin to sign and file either the Acknowledgment or voluntary dismissal by August 25, 2025. Order [3] at 1. When the Court received no response, it entered an Order to Show Cause [6], directing Griffin to show cause by September 22, 2025, why the case should not be dismissed for failure to obey the Court's prior Order [3]. Order to Show Cause [6]. After Griffin did not respond to that Order, the Court entered the Second and Final Order to Show Cause [8], giving him until October 20, 2025 to comply. 2d & Final Order to Show Cause [8] at 2.

Each Order [3], [6], [8] was mailed to Griffin's address of record, and only the first two Orders [3], [6] were returned as undeliverable. To date, Griffin has not responded, provided a change of address, or otherwise contacted the Court. The Court warned Plaintiff that failure to comply with its Orders or to keep the Court apprised of his address may lead to the dismissal of the Complaint. 2d & Final Order to Show Cause [8] at 2-3; Order to Show Cause [6] at 2; Order [3] at 2.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey an order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. . . . so as to achieve the orderly and expeditious disposition of cases." *Id.* Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Court finds that Griffin has "fail[ed] to . . . comply with . . . court order[s]" as contemplated by Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b). It is apparent from Griffin's failure to comply that he lacks interest in pursuing this case. Therefore, this case will be dismissed. Because Defendants have not been called upon to answer the Complaint or appear in this action, and because the Court has not considered the merits of Griffin's claims, the dismissal will be without prejudice.

2

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to obey the Orders of the Court. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 3rd day of November, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE